# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JENIFER SANDONATO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | C.A. No.: K25C-05-023 NEP |
| | ) | |
| TRUDENA HORSEY and | ) | |
| KENT COUNTY LEVY COURT | ) | |
| | ) | |
| Defendants. | ) | |

Submitted: October 1, 2025
Decided: December 15, 2025

## ORDER[1]

### *Upon Plaintiff's Motions to Disqualify Counsel*

### DENIED

Plaintiff has filed three separate motions seeking to disqualify Defendants' counsel, Scott Wilcox, Esq. For the following reasons, Plaintiff's Motions to Disqualify Counsel are **DENIED**.

1.      On June 2, June 3, and June 27, 2025, Plaintiff Jenifer Sandonato ("Plaintiff") filed motions seeking to disqualify counsel for Trudena Horsey and the Kent County Levy Court ("Defendants"), Scott Wilcox, Esquire.[2] The Court treats these motions collectively as a single, consolidated request.

2.      Plaintiff asserts, among other theories, that Mr. Wilcox is conflicted due to his prior and current representation of Defendants, his involvement in another

---

[1] Citations in the form of "D.I. ___" refer to docket items.
[2] D.I. 20, 31, 46.

case involving the Kent County Levy Court,[3] and because Plaintiff has sued him separately in another civil proceeding.

3.     Plaintiff invokes Delaware Lawyers' Rules of Professional Conduct 1.7 and 1.9 in an effort to show that such circumstances amount to a concurrent or former-client conflict of interest and invokes Rule 3.7 to assert that Mr. Wilcox is a "necessary witness."[4]

4.     "Although a court has 'the inherent power to supervise the professional conduct of attorneys appearing before it . . . disqualification motions are generally disfavored.'"[5] To prevail on a motion to disqualify counsel, the movant must prove, by clear and convincing evidence, (1) the existence of a conflict; and (2) that the conflict will prejudice the proceedings.[6] The Supreme Court retains exclusive authority over attorney discipline,[7] and absent conduct that prejudicially disrupts the proceeding, trial judges have no independent jurisdiction to enforce the Rules of Professional Conduct.[8] A non-client litigant only has standing to enforce the rules

---

[3] Specifically, Plaintiff asserts in her June 3 motion that Mr. Wilcox's representation of Defendants in separate federal litigation pending in the U.S. District Court for the District of Delaware contributes to the alleged conflict. *See* D.I. 31.

[4] *See* D.I. 20, 31, 46. Rule 1.7 prohibits representation where a lawyer's responsibilities to another client are "directly adverse to another client" or where representation would be "materially limited" by responsibilities to another person, subject to waiver by the client through informed consent. Del. Lawyers' Rules of Prof'l Conduct R. 1.7. Rule 1.9 restricts representation of a new client in a substantially related matter where the interests are materially adverse to those of a former client. Del. Lawyers' Rules of Prof'l Conduct R. 1.9. Rule 3.7 limits an attorney from serving as advocate at a trial where the attorney is "likely to be a necessary witness," but expressly permits such dual roles when testimony concerns uncontested matters, relates to the nature and value of legal services rendered, or disqualification of the lawyer would work substantial hardship on the client. Del. Lawyers' Rules of Prof'l Conduct R. 3.7.

[5] *Dunlap v. State Farm Fire and Cas. Co. Disqualification of Counsel*, 950 A.2d 658, 2008 WL 2415043, at *1 (Del. May 6, 2008) (ORDER) (quoting *Unanue v. Unanue*, 2004 WL 602096, at *2 (Del. Ch. Mar. 25, 2004)).

[6] *Appeal of Infotechnology, Inc.*, 582 A.2d 215, 221 (Del. 1990).

[7] *In re Favata*, 119 A.3d 1283, 1291 (Del. 2015) (citing *In re Green*, 464 A.2d 881, 885 (Del. 1983)).

[8] *Crumplar v. Superior Ct. ex rel. New Castle Cnty.*, 56 A.3d 1000, 1009 (Del. 2012) (citing *Infotechnology,* 582 A.2d at 221).

concerning conflicts of interest when she can demonstrate that opposing counsel's conflict "somehow prejudiced . . . her rights" and "calls into question the 'fair or efficient administration of justice.'"[9] To meet this high burden, the movant must present clear and convincing evidence of "extreme" departures from the rules.[10] "Vague and unsupported allegations are not sufficient to meet this [disqualification] standard."[11]

5. Rule 1.7 exists to safeguard the attorney's duty of loyalty to the client.[12] That purpose generally does not permit an opposing party to assert a conflict that belongs exclusively to another litigant. Plaintiff is not, nor has she ever been, Mr. Wilcox's client, and therefore cannot claim an ethical violation premised on Defendants' rights under Rule 1.7.

6. Rule 1.9 affords similar protection for former clients by prohibiting a lawyer from representing a current client whose interests are materially adverse to those of a former client in a substantially related matter.[13] As Plaintiff's own allegations reflect, she has never been represented by Mr. Wilcox, and thus Rule 1.9 provides no basis for relief; there is no former-client relationship, no claim of confidential information obtained through representation, and no material adversity of interests within the meaning of Rule 1.9.[14]

7. Defendants have knowingly and expressly waived any alleged conflict of interest pursuant to Rule 1.7(b), having affirmed in their submissions that they are aware of Plaintiff's separate lawsuit and desire continued representation by Mr.

---

[9] *Matter of Estate of Waters*, 647 A.2d 1091, 1096 (Del. 1994) (quoting *Infotechnology*, 582 A.2d at 221).

[10] *Dunlap*, 2008 WL 2415043, at *1 (citing *Waters*, 647 A.2d at 1095–96; *Infotechnology*, 582 A.2d at 1221).

[11] *Id.* (quoting *Unanue*, 2004 WL 602096, at *2 (alteration in original)).

[12] *See Infotechnology*, 582 A.2d at 220.

[13] Del. Lawyers' Rules of Prof'l Conduct R. 1.9.

[14] *See id.*

Wilcox.[15]  Plaintiff cannot contradict or veto Defendants' waiver of a conflict personal to them.

8.      Plaintiff fails to demonstrate factually or legally that Mr. Wilcox's representation has prejudiced her rights in this litigation in any manner.  Plaintiff's argument consists largely of vague, conclusory, and speculative accusations of conflict, rather than competent evidence demonstrating an actual impairment of counsel's representation.

9.      To the extent Plaintiff asserts that Mr. Wilcox's continued representation will personally prejudice her by enabling coordination of testimony or influencing witnesses for the Defendants, such concerns do not, without more, constitute evidence of bias or procedural unfairness.  Counsel for any party naturally takes strategic steps to prepare witnesses and frame testimony within lawful bounds—this is part of advocacy, not misconduct.  Moreover, Plaintiff's suggestion that counsel's representation would taint the finality of any verdict or create a risk of reversal on appeal reflects a misunderstanding of general legal principles: any genuine, unwaived conflict of interest would give rise primarily to a malpractice or fiduciary-duty claim by *Defendants against their counsel*, not to any appellate remedy benefitting Plaintiff or invalidating a verdict in her favor.  Thus, even under Plaintiff's hypothetical framing, any adverse consequence would fall upon Defendants and their attorney personally, and therefore does not constitute prejudice to Plaintiff's rights or impairment of the fairness of the proceedings.

10.    Plaintiff asserts that Mr. Wilcox will be a necessary witness at trial and must therefore be removed under Rule 3.7.[16]  However, Rule 3.7 applies only to acting as "advocate at a trial," and this matter remains in pre-trial posture.  Whether this case will proceed to trial is presently unknown, and as such the issue of whether

---

[15] *See* D.I. 68 at ¶ 4, D.I. 69 at ¶ 4, D.I. 70 at ¶ 2.
[16] D.I. 46 at 3–4.

4

Mr. Wilcox must be removed on grounds of his being a necessary witness is not an issue the court need decide at this time.

11. Furthermore, Rule 3.7 requires disqualification only where counsel is shown to be a *necessary* witness at trial, and the Rule permits continued representation even where the attorney is a necessary trial witness under certain conditions.[17] Here, Plaintiff has not demonstrated that any testimony Mr. Wilcox might offer is both material and unavailable from other sources, nor has she shown that Mr. Wilcox's potential testimony falls outside the exceptions contemplated by Rule 3.7(a).[18] At this stage, Plaintiff's assertions are speculative, and the Court cannot conclude that Mr. Wilcox will be a necessary witness. Accordingly, Plaintiff has not established a Rule 3.7 conflict requiring disqualification.

12. Plaintiff also argues that her separate lawsuit and collateral ethics complaints against Mr. Wilcox require his withdrawal.[19] This position is unsupported. Plaintiff's separate lawsuit against Mr. Wilcox, which asserted retaliation and related claims against him arising from his role as outside counsel for Kent County, was dismissed by this Court on October 7, 2025.[20] Moreover, the Court will not permit a litigant to manufacture a conflict by suing opposing counsel.[21]

13. The Court further observes that Plaintiff's requests for disqualification were presented in three separate iterations over the course of less than a month, recycling nearly identical arguments. Plaintiff is instructed to avoid similarly repetitive filings in the future.

---

[17] *See supra* n. 4.
[18] *See id.*
[19] *See* D.I. 46 at 5.
[20] *See Sandonato v. Wilcox*, C.A. No. K25C-05-022 NEP, D.I. 93.
[21] *See Hester v. State*, 27 A.3d 551 (TABLE), 2011 WL 3717051, at *2 (Del. 2011) (holding that the filing of a complaint against one's own lawyer "did not create a conflict of interest per se" requiring removal of counsel).

14.     Having considered all arguments and submissions, the Court finds that Plaintiff has failed to demonstrate a viable basis for disqualification.

15.     The Court will next consider Defendants' Motion to Dismiss Amended Complaint, which was filed on July 10, 2025.[22]  Plaintiff is directed to file a written response to that motion **twenty days** after the date of this order, and the Court will thereafter consider whether to schedule oral argument.  The parties are instructed to make no additional filings pending the Court's decision on the motion to dismiss.

**WHEREFORE**, for the foregoing reasons, Plaintiff's consolidated Motions to Disqualify Counsel are hereby **DENIED.**

**IT IS SO ORDERED.**

_____
Noel Eason Primos, Judge


NEP/tls

oc:    Prothonotary
cc:    Jenifer Sandonato, *Pro Se*
       Scott G. Wilcox, Esq.

---

[22] D.I. 60.